Per Curiam.

Section 193-a of the Civil Practice Act, under which the third-party defendant was impleaded in this action, provides that a defendant may bring in a person not a party to the action, who is or may be liable to him for all or part of plaintiff’s claim. The claim against such person must be related to the main action by a question of law or fact common to both controversies.
We find that the first requirement as to liability over is not present in the instant situation. Here the plaintiff bank is suing the defendant, which sold goods to the impleaded defendant under a contract requiring a deposit of $25,000. A check for the $25,000 deposit was given by the third-party defendant (buyer) to the defendant (seller), but, before it was cashed, the buyer claimed a breach of warranty and stopped payment. The bank through mistake paid the check, and its suit against the payee is based on the theory of unjust enrichment, resting on the allegation that the money represented by the check was not due to the payee. Now the latter has asserted a cross claim for liability-over and damages for breach of the buyer’s obligations under the contract. This cross complaint rests on the defendant’s performance and the impleaded defendant’s nonperformance of the contract. This ground is the opposite of the allegations underlying the bank’s claim against the seller. Therefore, if the bank is successful against the defendant, it ■j.s clear that the defendant can have no claim for liability-over against the impleaded defendant. Under the circumstances, the third-party complaint should be dismissed, without prejudice to an independent action.
*51 The order appealed from should be reversed, with $20 costs and disbursements, and the motion granted.
Peck, P. J., Glennon, Cohn and Callahan, JJ., concur; Shientag, J., dissents and votes to affirm.
Order reversed, with $20 costs and disbursements to the appellants, and the motion granted. Settle order on notice.